ANDREW HOLLAND (CA SBN 224737)
MICHAEL HSUEH (CA SBN 286548)
THOITS LAW
400 Main Street, Suite 250
Los Altos, CA 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
Email: aholland@thoits.com
       mhsueh@thoits.com

DAVID D. LIN (*pro hac vice* forthcoming)
JUSTIN MERCER (*pro hac vice* forthcoming)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: david@iLawco.com
Email: justin@iLawco.com

Attorneys for Subpoenaing Parties
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

FILED

MAY 30 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SK

DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,

Subpoenaing Parties,

vs.

YELP, INC.,

Subpoenaed Party.

CV 19 No.: 80 146MISC

(Case No. 1:18-cv-06232-LAP Pending in Southern District of New York)

**NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA**

Hearing Information
Date: TBD
Time: TBD
Courtroom: TBD

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

PRELIMINARY STATEMENT AND ISSUE TO BE DECIDED ........................... 2

RELEVANT BACKGROUND FACTS ................................................................. 2

LEGAL STANDARD ........................................................................................... 6

ARGUMENT ........................................................................................................ 8

I.   The Subpoena To Yelp Should Be Enforced Because Plaintiffs Have A Real
     Evidentiary Basis For Believing That The Defendants Posted The Alleged
     Wrongful Statements As They Have Made A Prima Facie Showing
     Of Defamation ........................................................................................... 8

II.  The Subpoena To Yelp Should Be Enforced Because Disclosure
     Of The Speakers' Identities Would Cause Relatively Little To No
     Harm To Their First Amendment Or Privacy Rights ............................... 10

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

adMarketplace, Inc. v. Tee Support, Inc.,
 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013)............................................................7

In re Anonymous Online Speakers,
 661 F.3d 1168 (9th Cir. 2011) .................................................................................7, 8

Art of Living Found. v. Does 1-10,
 No. 10-5022, 2011 WL 5444622 (N.D. Cal. 2011) ..................................................7, 9

Digital Sin, Inc. v. Does 1-176,
 279 F.R.D. 239 (S.D.N.Y. 2012) .............................................................................6, 7

Highfields Capital Mgmt., L.P. v. Doe,
 385 F. Supp. 2d 969 (N.D. Cal. 2005) .....................................2, 4, 8, 9, 10, 12

Idema v. Wager,
 120 F. Supp. 2d 361 (S.D.N.Y. 2000), aff'd, 29 F. App'x 676 (2d Cir. 2002)..........9

John Wiley & Sons v. John Does 1-22,
 2013 WL 1091315 (S.D.N.Y. March 15, 2013) ..........................................................7

Music Grp. Macao Commercial Offshore Ltd. v. Does,
 82 F. Supp. 3d 979 (N.D. Cal. 2015) ......................................................................7, 8

Next Phase Distribution, Inc. v. John Does 1-27,
 284 F.R.D. 165 (S.D.N.Y. July 31, 2012)...................................................................7

OBI Pharma, Inc. v. Does 1-20,
 Case No. 16-CV-2218 (BGS) (S.D. Cal. April 27, 2017) ........................................11

Sony Music Entm't, Inc. v. Does 1-40,
 326 F. Supp. 2d 556 (S.D.N.Y. 2004).....................................................................8, 9

**State Statutes**

California Civil Code § 45 .............................................................................................9

**Rules**

Fed. R. Civ. P. 26.......................................................................................................6, 8

Fed. R. Civ. P. 26(d)(1)..............................................................................................6, 7

Fed. R. Civ. P. 26(d), (f) ................................................................6

Fed. R. Civ. P. 26(f) ................................................................6

Fed. R. Civ. P. 45 ................................................................1, 6, 8

Fed. R. Civ. P.  45(d)(2)(B)(i) ................................................................7

**Constitutional Provisions**

First Amendment ................................................................4, 7, 8, 10, 11

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, as soon as counsel may be heard before the assigned judge at the assigned time in the assigned department, the Subpoenaing Parties, Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs," "Movants," or the "Subpoenaing Parties") by and through their attorneys Thoits Law, will and hereby does move this Court for an Order compelling Subpoenaed Party, Yelp, Inc. ("Yelp"), to comply with the third party subpoena and request for documents issued by Plaintiffs. This motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Justin Mercer, Esq., and the exhibits attached thereto, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs respectfully request an order requiring Yelp to comply in full with the subpoena served on it in the underlying litigation, Case No. 1:18-cv-06232-LAP, pending in the United States District Court for the Southern District of New York.

Dated: May 30, 2019

THOITS LAW

By: _____

MICHAEL HSUEH

Attorneys for Subpoenaing Parties

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT AND ISSUE TO BE DECIDED

Plaintiffs brought the underlying action on July 10, 2018 against "John Doe" Defendants for defamation and tortious interference stemming from certain anonymous and defamatory reviews (the "Defamatory Reviews") posted on the website Yelp.com ("Yelp"). Plaintiffs first moved for leave in the underlying action to conduct expedited discovery aimed at identifying the John Doe defendants ("Defendants") so that they might be named and served. After Plaintiffs' request was granted, Plaintiffs then issued a subpoena to Yelp seeking information to enable them to identify and serve the Defendants. After multiple attempts to meet and confer, Yelp produced documents sufficient to identify the IP addresses and email addresses of *some* of the Defendants, associated with three of Defendants' Yelp user accounts. However, Yelp further objected to producing any additional information as to the remaining Defendants associated with the eight other Yelp user accounts identified in the Complaint in the underlying matter.

The issue for the Court do decide is whether this Court should enforce full compliance Plaintiffs' subpoena to non-party Yelp, Inc., which seeks limited and specific information about the identity of the author(s) of quasi-anonymous online "reviews," which is necessary and essential for Plaintiffs to proceed with their underlying lawsuit, and where Plaintiffs have and can satisfy the elements of the *Highfields* test developed by the Northern District of California and applicable here.

## RELEVANT BACKGROUND FACTS

This motion arises out of a federal lawsuit pending in the Southern District of New York. *See* First Amended Complaint ("FAC"), annexed to the Declaration of Justin Mercer, Esq. ("Mercer Decl.") as **Exhibit A**. The Plaintiffs in the underlying lawsuit are Dr. Muhammad Mirza, MD, ("Dr. Mirza") and Allied Medical and Diagnostic Services, LLC, ("Allied Medical", collectively with Dr. Mirza, "Plaintiffs," "Movants," or the "Subpoenaing Parties"). Through some discovery obtained herein, as further explained below, Plaintiffs amended their complaint to identify some of the John Doe defendants. *See* Second Amended Complaint ("SAC"), annexed to

2

the Mercer Decl. as **Exhibit B**. The facts relevant to this motion are set forth in the pleadings in the underlying action (annexed hereto) and specifically Second Amended Complaint. Plaintiffs respectfully refer the Court to those pleadings for a full recitation of the facts and circumstances. Certain relevant facts are reiterated herein.

Dr. Mirza operates a successful and respected medical practice, Allied Medical. Dr. Mirza is board-certified in internal medicine, is licensed to practice medicine in New York and New Jersey, and has decades of experience practicing medicine, and specifically relevant here, elective treatments for cosmetic applications. *See* SAC at ¶¶ 13-19; *see also* Affidavit of Dr. Mirza ("Mirza Aff."), annexed to the Mercer Decl. as **Exhibit F**.

As part of Dr. Mirza's medical practice, he offers injections of Botulinum toxin A, commonly known as (and hereinafter referred to as) "Botox," manufactured by Allergen PLC. (See SAC at ¶ 18). Botox has various medical applications, but most patients seek out elective treatments for cosmetic applications. (See SAC at ¶ 19). As with many cosmetic treatments, patients often find that the results of Botox injections do not live up to their expectations. (See SAC at ¶ 20). While most of Plaintiffs' patients have shared their opinions in a lawful and reasonable manner, a handful of disgruntled Botox patients have chosen to voice false and defamatory accusations on Yelp, as described below. (See SAC at ¶ 21).

Beginning on or around September 15, 2017, Defendants created, or caused to be created, the first in a series of false and defamatory "reviews" on Plaintiffs' profiles on the website Yelp.com, hijacking Plaintiffs' own commercial advertising for their services to create negative ads that denigrate Plaintiffs' business and character ("Defamatory Reviews"). Between that time and the filing of the First Amended Complaint, at least eleven (11) such Defamatory Reviews have been posted to Plaintiffs' Yelp.com pages. (See FAC at ¶¶ 20-96; see also SAC at ¶¶ 22-96). Plaintiffs alleged evidence that Defendants were and are publishing false statements to third parties accusing Dr. Mirza of practicing and engaging in "fraud" by *inter alia* using "fake botox" and unlawfully mixing improper chemicals or "filler" with his injections for cosmetic applications, being a "scam artist," and, not actually being a licensed medical doctor. *Id.* All the Defamatory Reviews were posted on Yelp.com, however, and Yelp.com would have the

1  information and/or documents in their possession, custody, or control which are necessary to
2  positively identify the Defendants. *Id.*

3          As a result, on or about July 10, 2018, Plaintiffs filed the underlying action in the
4  Southern District of New York against the anonymous Defendants. *See* Declaration of Justin
5  Mercer, Esq. ("Mercer Decl.") at ¶ 2.  On or about August 1, 2018, Plaintiffs moved for
6  expedited discovery in the matter as Plaintiffs were and are unable to uncover the identity of the
7  Defendants without issuing a third-party subpoena on Yelp. (See Mercer Decl. at ¶ 5, Exhibit C).
8  The underlying court, via order issued by Hon. Loretta A. Preska on or about August 13, 2018,
9  found 'good cause' for expedited discovery to determine the identity of the John Doe defendants
10 and determined that Plaintiffs stated a *prima facie* case and were unable to identify the
11 Defendants without a court-ordered subpoena ("SDNY Order"). (See Mercer Decl. at ¶ 6,
12 Exhibit C).

13          Accordingly, on or around August 29, 2018, Plaintiffs issued and served a subpoena
14 *duces tecum* to Yelp with the SDNY Order, annexed to the Mercer Decl. as **Exhibit D**. (See
15 Mercer Decl. at ¶ 7). The subject subpoena directed compliance at Yelp's preferred location in
16 the Northern District of California. *Id.*  On or about September 10, 2018, Yelp replied through
17 their senior corporate counsel with an objection letter of boilerplate objections and refused to
18 supply the information requested (the "Yelp First Response"), annexed to the Mercer Decl. as
19 **Exhibit E**. (See Mercer Decl. at ¶ 8).  In the Yelp First Response, Yelp cited to the First
20 Amendment and the Northern District of California's decision in *Highfields* as a basis for its
21 objections. (See Mercer Decl. at ¶ 9).

22          On September 26, 2018, Plaintiffs' counsel conferred with Yelp's counsel by phone to
23 resolve any issues with Plaintiffs' requests. (See Mercer Decl. at ¶ 10).  During that call, Yelp's
24 counsel suggested that a submission of additional evidence, including in the form of an affidavit
25 from Plaintiffs, could satiate Yelp's First Amendment and *Highfields* concerns. *Id.*  Based on
26 that conversation, Plaintiffs believed that Yelp would produce such information and documents
27 after additional submissions were provided by Plaintiffs' counsel. *Id.*  Accordingly, on or around
28 October 31, 2018, Plaintiffs, through Dr. Mirza, assembled and executed an affidavit detailing

4

1    (a) the defamatory statements and (b) how such statements were false (the "Mirza Aff."), see

2    Mercer Decl., **Exhibit F**. On or about November 5, 2018, Plaintiffs provided Yelp with the

3    Mirza Aff. as per Yelp's counsel's request. (See Mercer Decl. at ¶ 12).

4            After multiple attempts to confer regarding the additional submission, on or about

5    November 26, 2018, Yelp's counsel agreed to produce information regarding three of the John

6    Doe Defendants, but refused to produce information regarding the remaining Defendants (the

7    "Yelp Second Response"). (See Mercer Decl. at ¶ 13). When Plaintiffs' counsel queried as to

8    the basis for Yelp's withholding of information after receipt of the Mirza Aff., Yelp's counsel

9    responded that "[t]he declaration provided [by Dr. Mirza] does not set forth a prima facie

10   showing of defamation with respect to any other user." (See Mercer Decl. at ¶ 14).

11           Then, on or about November 30, 2018, Plaintiffs' counsel again conferred with Yelp's

12   counsel by phone in a good faith attempt to resolve Yelp's concerns. (See Mercer Decl. at ¶ 15).

13   During that call, Plaintiffs' counsel explained that (a) Judge Preska's order determined that

14   Plaintiffs had stated a prima facie case for defamation and (b) that, in any event, Dr. Mirza's

15   supplemental affidavit should have assuaged Yelp's concerns. (See Mercer Decl. at ¶ 15).

16   However, on that same call, counsel for Yelp explained her client's position and directed

17   Plaintiffs' counsel to the *Highfield's* decision. (See Mercer Decl. at ¶ 15). Notwithstanding that

18   call, counsel for Plaintiffs remained optimistic that Yelp would produce additional information

19   regarding the remaining John Doe Defendants.

20           On or around January 4, 2019, Yelp produced documents sufficient to identify the IP

21   addresses and email addresses of some of the John Doe defendants, associated with the three

22   Yelp user accounts (the "Yelp Third Response", and collectively with Yelp's First and Second

23   Response, the "Yelp Subpoena Responses"), annexed to the Mercer Decl. as **Exhibit G**. (See

24   Mercer Decl. at ¶ 16). Based on conversations and negotiations Plaintiffs' counsel had with

25   Yelp prior to January 4th, Plaintiffs expected Yelp's production to be more substantial. (See

26   Mercer Decl. at ¶ 17). However, Yelp further objected to producing any additional information

27   as to the remaining John Doe defendants associated with the eight other Yelp user accounts

28   identified in the Complaint. (See Mercer Decl. at ¶ 18). As stated above in parties' discussions

1  regarding the Yelp Second Response, Yelp's counsel argued, *inter alia*, that the underlying

2  court's order granting Plaintiffs the authority to issue subpoenas did not formally direct Yelp to

3  produce documents over their objections. (See Mercer Decl. at ¶ 14).

4          Given the likelihood that Defendants used pseudonyms when they posted on Yelp

5  anonymously(see SAC at ¶¶ 78-84), they used similar language in the posts and the posts

6  occurred around same time (see SAC at ¶¶ 22-96), Plaintiffs hoped that—notwithstanding Yelp's

7  reluctance to provide specific information about the remaining Does— Plaintiffs' additional

8  subpoenas issued to the ISPs whose subscribers were assigned the IP addresses identified by

9  Yelp, would identify not only the Does who authored the posts that Yelp did respond to, but

10  other Does as well. (See Mercer Decl. at ¶ 19).   In other words, Plaintiffs were reasonably

11  hopeful that they would not have to file a whole new lawsuit in California to discover the other

12  Does' identities.   That said, the subpoena responses from Microsoft, Google and Verizon were

13  only useful to identify the two additional named defendants identified in Plaintiffs' Second

14  Amended Complaint. (See SAC at ¶¶ 22-28, 78-84).

15          As such, although productive discussions were had in good faith, counsel for Yelp and

16  Plaintiffs could not resolve the dispute. (See Mercer Decl. at ¶¶ 8-18). Thus, absent further

17  cooperation or disclosure from Yelp, Plaintiffs are now compelled to move to enforce the

18  subpoena in the district where Yelp's compliance was required: the Northern District of

19  California.

20                              **LEGAL STANDARD**

21          Rule 45 of the Federal Rules of Civil Procedure provides the framework and mechanisms

22  for gathering documents, information, testimony and tangible things relevant to a pending litigation

23  from non-parties through use of subpoenas. *See* Fed. R. Civ. P. 45. Generally, Rule 26 requires

24  parties to meet and confer prior to commencing discovery. *See* Fed. R. Civ. P. 26(d), (f).

25  However, Rule 26(d)(1) permits a party to conduct discovery in advance of the conference of

26  parties required by Fed. R. Civ. P. 26(f), "when authorized by these rules, by stipulation, or by

27  court order." Fed. R. Civ. P. 26(d)(1). Courts in the underlying district and others "have applied a

28  'flexible standard of reasonableness and good cause' in determining whether to grant a party's

expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y.

2012). Good cause exists where, as here, a plaintiff have demonstrated a *prima face* case and are

unable to uncover the identity of the defendant without issuing a third-party subpoena. *See*

*adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013)

("Courts . . . have found 'good cause' for expedited discovery to determine the identity of John

Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the

defendants without a court-ordered subpoena."); *see also John Wiley & Sons v. John Does 1-22*,

2013 WL 1091315, at *5 (S.D.N.Y. March 15, 2013) ("There is good cause to grant expedited

discovery in the instant matters because [plaintiff] has alleged a prima facie case of copyright

infringement and it cannot identify the John Does without a court ordered subpoena."); *Next*

*Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012).

Where a plaintiff has a potentially meritorious claim and no ability to enforce it, courts have

found good cause for expedited discovery. *See, e.g., Digital Sin*, 279 F.R.D. at 241.

Once good cause is shown (via the threshold demonstration of a *prima face* case) and a

court order is issued pursuant to Rule 26(d)(1), a party proceed to issue subpoenas. Under Rule

45(d)(2)(B)(i), the proper court for a motion to enforce a subpoena is the "district where

compliance [with the subpoena] is required." *See Music Grp. Macao Commercial Offshore Ltd. v.*

*Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015).

. Although the First Amendment protects the right to anonymous speech, the right to

anonymity is not absolute, and where such speech is unlawful (i.e. defamatory), the "speaker's

right to remain anonymous may give way to a plaintiff's need to discover the speakers identity in

order to pursue its claim." *See Music Grp.*, 82 F. Supp. 3d at 983 (quoting *Art of Living Found. v.*

*Does 1-10*, No. 10-5022, 2011 WL 5444622, *3 (N.D. Cal. 2011)). The Ninth Circuit and the

Northern District of California have adopted a two part test for enforcement of subpoenas that seek

to discover the identity of an anonymous Internet user, (1) that the plaintiff "persuade the court that

there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct

that has caused real harm to the interests of the plaintiff," and (2) once that showing has been

made, that the Court compare and balance the harms to the plaintiff and the harms (if any) to the

1  defendant. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1174-77 (9th Cir. 2011) (citing

2  *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)).

3         The Ninth Circuit has indicated that the *Highfields* test is one of "middling rigor,"

4  appropriate where, "the challenged speech falls somewhere beneath the most protected realm of

5  'political, religious, or literary' discourse; is, in significant part, commercial speech that enjoy

6  lesser protection; but may be more safeguarded than pure fighting words and obscenity, which is

7  not protected by the First Amendment at all." *See Music Grp.*, 82 F. Supp. 3d at 983 (citing

8  *Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76).

9

10                              **ARGUMENT**

11  I.     **The Subpoena To Yelp Should Be Enforced Because Plaintiffs Have A Real
            Evidentiary Basis For Believing That The Defendants Posted The Alleged
12          Wrongful Statements As They Have Made A Prima Facie Showing Of Defamation**

13         Under the first prong of the *Highfields* "real evidentiary basis" test, a plaintiff is required

14  to make a prima facie showing of a claim by submitting "competent evidence" of each of the

15  elements of its claims in order to prevail under at least one of the causes of action the plaintiff

16  asserts. *Highfields*, 385 F. Supp. 2d at 975-76. The *Highfields* "real evidentiary basis" test is of

17  "middling rigor" that is less demanding than other tests (*See Music Grp.*, 82 F. Supp. 3d at 983)

18  and does not demand evidence that would be sufficient to survive a hypothetical dispositive

19  motion, but rather requires a demonstration that if unrebutted would support a finding of each of

20  the elements of a claim. *See Anonymous Online Speakers*, 661 F.3d at 1173, 1175-76.

21         Specifically, the Ninth Circuit has analogized the first prong of the *Highfields* test with the

22  good cause and *prima facie* showing the under Rule 26 motion that the underlying court used to

23  determine whether Plaintiffs should be permitted issue Rule 45 subpoenas. *Compare Anonymous*

24  *Online Speakers*, 661 F.3d at 1175 ("A number of courts have required plaintiffs to make at least a

25  prima facie showing of the claim for which the plaintiff seeks the disclosure of the anonymous

26  speaker's identity. *See, e.g., . . . Highfields Capital Mgmt., LP v. Doe*, 385 F. Supp. 2d 969 (N.D.

27  Cal. 2005); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) ["*Sony*

28  *Music*"]) *with* (See Mercer Decl. at ¶ 6, Exhibit C) (SDNY Order) (citing cases applying *Sony*

8

*Music* test). Plaintiffs do not request that this Court supplant its determination for that of the underlying court, however the record before the Court does demonstrate that Plaintiffs have, at a minimum, met the threshold prong of the moderate *Highfields* test given it would not have had the ability to conduct the discovery at issue without doing so—and prior to Dr. Mirza's supplemental demonstration and affidavit to Yelp. Even if the *Highfields* test did require more of Plaintiffs than is required under the *Sony Music* test (*see, e.g., Art of Living Found.*, 2011 WL 5444622, *3), in any event, Plaintiffs have met their burden under the first prong of the *Highfields* test.

In addition to other claims, Plaintiffs' Second Amended Complaint has alleged a *prima facie* case of defamation *per se* under New York law. In order to make a *prima facie* case for defamation under New York law, a plaintiff must show "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002). Statements which tend to injure a person in their business or profession are actionable as defamatory *per se* without a showing of special damages. *See id.*; *see also* California Civil Code § 45 ("Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or *which has a tendency to injury him in his occupation.*")(emphasis added).

The Second Amended Complaint sets forth the actual statements at issue, which include statements accusing Dr. Mirza of practicing and engaging in "fraud" by *inter alia* using "fake botox" and unlawfully mixing improper chemicals or "filler" with his injections for cosmetic applications, being a "scam artist," and, not actually being a licensed medical doctor. *See* SAC at ¶¶ 22-96 (Exhibit B). Further, Plaintiffs have provided evidence to Yelp, in the form of, *inter alia*, Dr. Mirza's affidavit. *See* Mirza Aff. at Mercer Decl., Exhibit F. That evidence demonstrates that the statements are provably false. For instance, in addition to calling Plaintffs a "scam artis[t]," at least one John Doe accuses Plaintffs of (a) "do[ing] harm to you"; (b) putting "filler in [their] face that was not filler"; (c) "inject[ing] things [Dr. Mirza] should not"; and (d) engaging in fraudulent business practices by allegedly directing others to post fake, positive

9

NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA (YELP, INC.)

reviews about Plaintiffs. Dr. Mirza's affidavit demonstrated these statements are provably false

because he "is a licensed and experienced medical profession" and claimed he is not a "scam

artist." Mirza Aff.; *See als* SAC at ¶¶ 48, 83.

Similarly, as alleged in the Complaint, while Plaintiffs are not familiar with who the Does

are, as of the date of their reviews (nor any time before or after), have Plaintiffs not "done harm"

to their patients, used fake, diluted or any product that was anything but genuine filler and/or

authentic materials obtained directly from the manufactures of same. *See, e.g.*, SAC at ¶¶ 28, 34,

41, 48, 83. To engage in the conduct alleged in the Does' statements would jeopardize not only

the integrity of Plaintiffs' medical practice, but would subject them to serious disciplinary

action—the like of which they have never had, otherwise Dr. Mirza would not be practicing

medicine today.

Based upon the allegations and affidavit submitted by Dr. Mirza to Yelp and reiterated

herein again, Plaintiffs have put forth evidence to support a claim of defamation *per se* and have

thus met the first prong of the moderate *Highfields* test. Accordingly, Yelp's refusal to disclose

the remaining Doe Defendants' identities lacks merit and it should be compel to provide

Plaintiffs with that information forthwith.[1]

## II. The Subpoena To Yelp Should Be Enforced Because Disclosure Of The Speakers' Identities Would Cause Relatively Little To No Harm To Their First Amendment Or Privacy Rights

The second prong of the *Highfields* test provides that, if a plaintiff issuing a subpoena is

able to make a sufficient evidentiary showing to satisfy the first prong, the Court must balance the

harms to each party potentially suffered by a ruling in favor or against disclosure. *Highfields*, 385

F. Supp. 2d at 980. Here, Plaintiffs have clearly met the second prong.

The motion to enforce should be granted because permitting discovery of the identity of

---

[1] Given that Yelp produced some information about three of the Does notwithstanding their other
objections set forth in the Yelp First Response, Plaintiffs only address the First Amendment and
*Highfields* issues raised by Yelp in their Second Response. Should Yelp oppose this motion on
any of the other objections set forth therein, Plaintiffs respectfully reserve the right to raise and
rebut these issues on reply. Alternatively, should the Court seek additional briefing on those
remaining objections (with or without a response from Yelp)—which Plaintiffs believe also lack
merit—Plaintiffs will promptly do so.

10

1  the anonymous speakers will afford Plaintiffs the opportunity to continue to litigate its claims of

2  wrongful conduct. Plaintiffs have "no recourse for these statements if the Court does not allow it

3  to pursue the identities of the Doe Defendants." *See OBI Pharma, Inc. v. Does 1-20*, Case No.

4  16-CV-2218 H (BGS) (S.D. Cal. April 27, 2017) (finding plaintiff in defamation case met the

5  second prong of the Highfields test where disclosure was needed to identify anonymous online

6  speakers and noting that "it is questionable whether these posts are entitled to any First

7  Amendment protection."). Furthermore, as set forth in the Complaint, Plaintiffs have alleged

8  and submitted evidence (i.e. the Mirza Aff.) which demonstrates that the intended and resulting

9  effect of the false statements has been to dissuade Plaintiffs' patients and customers from doing

10  business with them. *See* SAC at ¶¶ 92-96.

11         Further, disclosure of anonymous online speakers is appropriate where, as here, the

12  statements are likely to be taken seriously, are intended and understood to be factual, and will

13  cause harm to Plaintiffs' business and reputation. Yelp is a platform where business promote

14  themselves and where consumers use go to read and see, ostensibly true statements about those

15  promoted-businesses' conduct. As alleged in the Complaint, the Defendants drafted their

16  statements in such a fashion that no reasonable person would believe that the statements made

17  therein were opinion, but rather statements of fact about Plaintiffs. *See, e.g.*, SAC at ¶ 24. Under

18  these circumstances, the harm intended by Defendants unto Plaintiffs—by fashioning quasi-

19  factual, but demonstrably false, statements—outweighs any claim to anonymity and privacy that

20  the Defendants may have. *See OBI Pharma, Inc.*, Case No. 16-CV-2218 H (BGS) (S.D. Cal.

21  April 27, 2017) ("Comparing the magnitude of the harms to Plaintiff and the Doe Defendants in

22  disclosing or not disclosing the Doe Defendants' identities, the Court concludes the Doe

23  Defendants would be subjected to relatively little harm to their First Amendment privacy rights by

24  disclosure, assuming they have any for these statements, and Plaintiff would suffer significant

25  harm in being denied any remedy for the libelous statements.").

26         Finally, while Plaintiffs are and have been unable to specifically identify the Does based on

27  the Yelp user name accounts they used, the Defendants may not in fact, be "anonymous" as their

28  accounts names could be the Defendants' real first names and the first initial of their last name

11

1  (like "Doris B.")—vitiating any claim to complete anonymity.  Accordingly, the balance of harms

2  tips decidedly in Plaintiffs' favor, and Plaintiffs have clearly met the second prong of the

3  *Highfields* test.

4  ## CONCLUSION

5  Based on the foregoing, and the papers submitted by Plaintiffs in connection with the same,

6  Plaintiff respectfully requests that this Court grant (i) their motion to enforce the subpoena on non-

7  party Yelp, and (ii) such other relief to Plaintiffs as the Court deems proper.

8

9

10  DATED this 30th day of May, 2019.          Respectfully submitted,

11                                             THOITS LAW

12

13  By: _____
                                               Michael Hsueh

14                                             LEWIS & LIN LLC
                                               David D. Lin (*pro hac vice* forthcoming)
15                                             Justin Mercer (*pro hac vice* forthcoming)

16                                             Attorneys for Subpoenaing Parties
17                                             DR. MUHAMMAD MIRZA and
                                               ALLIED MEDICAL AND DIAGNOSTIC
18                                             SERVICES, LLC

19

20

21

22

23

24

25

26

27

28