ANDREW HOLLAND (CA SBN 224737)
MICHAEL HSUEH (CA SBN 286548)
THOITS LAW
400 Main Street, Suite 250
Los Altos, CA 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
Email: aholland@thoits.com
Email: mhsueh@thoits.com

DAVID D. LIN (*pro hac vice* forthcoming)
JUSTIN MERCER (*pro hac vice* forthcoming)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: david@iLawco.com
Email: justin@iLawco.com

Attorneys for Subpoenaing Parties
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC,<br><br>Subpoenaing Parties,<br><br>vs.<br><br>YELP, INC.,<br><br>Subpoenaed Party. | Case No.: 3:19-mc-80146-SK<br><br>(Case No. 1:18-cv-06232-LAP Pending in Southern District of New York)<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA**<br><br><u>Hearing Information</u><br>Date: TBD<br>Time: TBD<br>Courtroom: D<br>Judge: Hon. Sallie Kim |

**PRELIMINARY STATEMENT**

While Subpoenaed Party Yelp, Inc.'s ("Yelp's") memorandum in opposition ("Opposition") purports to identify purported deficiencies in Plaintiffs' subpoena and application, the only objection that Yelp addresses (abandoning all others) is a legal one: whether Plaintiffs

1

asserted *prima facie* causes of action for defamation and/or tortious interference under New York law.  Here, Plaintiffs not only have alleged the factual statements made by certain anonymous John Does (the "Defamatory Reviews") posted on the website Yelp.com ("Yelp"), buy they have also demonstrated, via unrebutted evidence, that those statements are false, defamatory and damaging.  On the whole, Yelp's Opposition ignores the plain language of the Defamatory Reviews, solely to support its fallacious argument that they were "non-actionable opinion." On the contrary, those statements that a board-certified physician is a "scam artist" and "fraud" ***because*** he allegedly used filler "that was not filler," "mixed" Botox with other products, including "water," in a manner that was unsanitary, unsafe and unlawful, **are** both provable factual assertions *and* defamatory as to Plaintiffs. Yelp's assertion otherwise lacks credulity.  In fact, Yelp indeed believes that Plaintiffs could and did meet the *prima facie* and evidentiary requirements of the *Highfields* test as to the remaining Does because it provided information about three other Does— when the reviews of those three other Does are <u>nearly identical</u> to the remaining Does that Yelp is still withholding information about.  In other words, Yelp does not believe its own argument and nor should this Court.  Finally, Yelp engages in circular reasoning concerning Plaintiffs' demonstration of the false and damaging nature of these Defamatory Reviews by asserting that Plaintiffs have not and cannot prove that they are false, because Yelp believes the statements are protectable opinion—when they are not. In sum, Yelp's selective refusal to comply with the properly-supported subpoena should be admonished, and it should be required to provide the limited, requested information immediately forthwith.

## ARGUMENT

I. **Plaintiffs Have Made A Prima Facie Showing Of Defamation *Per Se* and Yelp's Opposition Ignores the Defamatory Nature of Statements**

As set forth in their opening brief, Plaintiffs have satisfied the first prong of the *Highfields* "real evidentiary basis" test three times already: once prior to issuing the instant subpoena in its application for expedited discovery before the Court in the underlying action, again before Yelp during the parties' conferral regarding Yelp's non-compliance, and a third time in their opening brief in support of the instant motion. Yelp's Opposition demonstrates not

2

REPLY IN SUPPORT OF MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA (YELP, INC.)

only a misreading of allegations of the Complaint, but also ignores the import of the Defamatory Reviews themselves.

Nonetheless, regarding Plaintiffs' evidentiary showing, they provided Yelp (and the Court), a copy of the Complaint (containing all the allegations of falsity and injury) and an additional affidavit in support—nothing more should be required. *See Highfields Capital Mgmt., LP v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005); *see also Yelp Inc. v. Superior Court*, 17 Cal.App.5th 1 (2017).  Each of the Defamatory Reviews include provable facts that are capable of defamatory meanings, and as such Plaintiffs' motion should be granted.

**First**, Yelp's Opposition cherry-picks the least actionable phrases from the Does' reviews (some of which stretch paragraphs long) in an effort to hide the true defamatory nature of the statements in context. The import of each of the challenged statements are that Dr. Mirza is a "scam artist" and a "fraud," not in isolation, but because he allegedly uses and fills cosmetic injections with either, "fake," "diluted," or "watered down" Botox, or some substance "he should not," like "water," and defendants claimed to know these statements were true because they have had Botox before and/or received treatment from other health professionals who use "real," "authentic" or "sterile" products. Simply because the reviewers expressed anger does not automatically insulate their statements from being factual in nature, and to the extent those facts are both false and damaging, as Plaintiffs allege, they are actionable.  Why Yelp still believes these statements are non-factual or not defamatory in nature under New York law is truly a mystery.

**Second**, Yelp's own conduct demonstrates that Plaintiffs met their light burden to demonstrate that the statements by the remaining Does are defamatory. As Yelp points out, it previously provided information regarding 3 of the 11 John Doe Defendants, presumably because it determined that Plaintiffs had made a *prima facie* showing of a claim for defamation as to those reviews. *See* Mercer Decl. at ¶ 16, Exhibit G ("Yelp's Third Response").   While Plaintiffs redacted those portions of Yelp's Third Response that provided personally-identifiable information regarding the reviewers, they reproduced those portions that include the statements (which were identified in Plaintiffs' Complaint) below:

**Doe 1:**

On September 15, 2017, John Doe #1, with the username "Lori M.," directed the authoring of a user review of Plaintiffs on Yelp.com as follows:

> I asked Dr Muhammad Mirza in a Cederhurst [*sic*] NY location, why isn't he filling the syringe in front of me like other Dr's I have gone to?  He said he does it in advance to save time, BS!  All other Dr's do this in front of client. He is probably reusing product or diluting product!!!  You can get all kinds of diseases this way!!!!

*See* Mercer Decl. at Exhibit A at ¶¶ 20-21.

**Doe 2:**

On November 8, 2017, John Doe #2, with the username "Elena P.," directed the authoring of a user review of Plaintiffs on Yelp.com as follows:

> DON'T GO!!! I wish I red review before I go. Product fake or diluted, does not give me any effect.

*See* Mercer Decl. at Exhibit A at ¶¶ 27-28.

**Doe 10:**

On April 24, 2018, John Doe #10, with the username "Jay J.," directed the authoring of a user review of Plaintiffs on Yelp.com as follows:

> 'DR'   Muhammed Mirza.. This person is not a doctor.. He has no medical qualifications.  If you find out he graduated from a hospital in the US or elsewhere, let me know! Please do not imagine he'll do anything but rip you off. Charge you massive fees to do nothing that is going to enhance your beauty!   Don't go near him.. He screwed me out of $1,000.. Pretending to put botox in my face. NO.. I have blood under my skin from the needles he stuck into my face .. And a massive headache.  It never occurred to me that he was unqualified, a rip off, a joke, a THIEF. Good grief how did this myth get started.. ? Groupon?  Watch out for people like him! Believe me, he's not a physician! He's a wacko. Stay away. I will try to take him to court....But who knows if the process will allow me to get my money back? A lot of work and stress. Good luck to you all! Don't get ripped off people.

*See* Mercer Decl. at Exhibit A at ¶¶ 83-84.

4

REPLY IN SUPPORT OF MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA (YELP, INC.)

Yelp does not dispute that the above statements were defamatory in nature. *See* Opposition at 4-5.[1] However, ironically, many of the same false tropes that appear in the above statements *also* appear in the remaining Does statements—undermining Yelp's argument that they are non-actionable opinion. *Compare* Mercer Decl. at Exhibit A at ¶¶ 20-21, 27-28 and 83-84 *with* Martz Decl. at Exhibit E.

For instance, Doe 3 a.k.a. "Doris B."'s statements that Plaintiffs "put filler in my face that was not filler" and that "he is a scam artis [*sic*], goes from one office to another [and] injects things he should not" is not only defamatory by itself, but also mirrors the false allegations of using "fake", "diluted" or "pretend[ ] . . .Botox" that appeared in Doe 1 , 2 and 10's statements. In sum, whether or not Dr. Mirza put "filler in [their] face that was not filler" or "injects things he should not" is **not** opinion, but rather provably false facts.

Similarly, Doe 5 a.k.a. "Augustine S"'s statement that Dr. Mirza "[d]oesn't fill the syringe in front of [you]" mirrors Doe 1's claim that he "isn't . . .filing the syringe in front of me like other Dr's I have gone to." Further, Doe 5's references to the treatment lasting only one month, also mirrors Doe 2's claim that hers "didn't even last for a month. SCAM!!!!." Moreover, Doe 5's statement that "Botox is supposed to last of 3-6 months, [but] [i]t barely lasted a month. No idea what he was 'mixing' it with," implies that Doe 5 knows what genuine Botox should be mixed with and how long it should last, suggesting that the version that Dr. Mirza uses is not authentic or diluted.  This is not opinion nor conjecture, and Yelp's production regarding Does 1 and 2 in response to Plaintiffs' showing demonstrates as much.

Indeed, each of Doe 2 (which Yelp took no issue with), Doe 5, and Doe 6 repeat the false trope that Plaintiffs' Botox treatments failed to last a month, suggesting that Plaintiffs' products are anything but authentic, and calling them "scam artists" or a "scam".

Further, Yelp's claim that Dr. Mirza's supplemental affidavit did not address Doe 3 and 8's Reviews is not only a red herring, but misleading. First, as set forth above, Doe 3 and 8 make

---

[1] Yelp's claim that "Plaintiffs did not have a further . . .telephone discussion with Yelp's counsel after providing [Dr.] Mirza's affidavit" in October 2018 is inaccurate. *See* Mercer Decl. at ¶ 15. Specifically, counsel for Plaintiffs spoke to Yelp's counsel, Ms. Martz, *again* on November 30, 2018 in an effort to resolve Yelp's continued objections set forth in its November 26, 2018 email. *See id.*

many of the same allegations as do the other reviews (i.e. filler not filler and "watered down" Botox)—Plaintiffs need not repeat the same allegations of falsity every time the same false allegation appeared to meet its evidentiary burden.  Second, if anything, Yelp misled Plaintiffs into believing that Doe 3 and 8's Reviews did not exist (*see* Mercer Decl. at Exhibit E)[2]—which may be why Dr. Mirza's affidavit excluded specific references to those reviews.  However, to the extent that the content of their reviews is the same as those other Reviews that Dr. Mirza specifically addresses, the analysis here should be the same.

Next, the statements "Ashley W." a.k.a. Doe 7 and "Ashley W." a.k.a. Doe 8 should be read and considered together, insofar as it appears that the same person authored both reviews which were published less than one day apart.  In any event, each of the reviews on its own clearly imparts false facts concerning Plaintiffs' professional hygiene and the authenticity of their products—claims that Plaintiffs specifically address as false in both the Complaint, and again in Dr. Mirza's affidavit.  Moreover, the trope of "diluted" i.e. "watered down" Botox from Doe 8's Review likewise appeared in Doe 1, 2 and 10.

Yelp's selective criticism with Doe 9's statements and claim that is nonactionable opinion completely disregards what is alleged: Doe 9 claims that they went to Dr. Mirza and saw no effects from Botox, had to go to a "real doctor" to receive Botox and it "worked the way it is supposed to," then surmises that Dr. Mirza is a scam and must have "water in those needles." This is not simply conjecture, as whether or not Dr. Mirza is a "real doctor" or injected Doe 9 with "water" and not Botox are provable facts—each of which Plaintiffs specifically addressed.

**Third**, again, each of the Does statements must not only be read in isolation, but in context. The gravamen of the statements, which were published within a short period of time of each other, and existed on Plaintiffs' Yelp profiles contemporaneously is the false accusation that Dr. Mirza practices and engages in "fraud" and is a "scam artist" not in a general sense, but by *inter alia* using "fake Botox" and unlawfully mixing improper chemicals or "filler" with his

---

[2] Yelp's Objection (e) to Request No. 1 states that "Yelp is unable to identify the relevant account for Doris B. [Doe 3] based on the limited information provided in the Request. There is also no review authored by "Ashley W." [Doe 8] on March 29, 2018." *See* Mercer Decl. at Exhibit E.

6

REPLY IN SUPPORT OF MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENA (YELP, INC.)

injections for cosmetic applications and by not actually being a licensed medical doctor. *See* SAC at ¶¶ 22-96 (Mercer Decl. at Exhibit B).  The reviews played off of similar tropes and echoed the other reviewers' accusations, which repeated the same statements. *See, e.g.* Mercer Decl. at Exhibit B, SAC at ¶ 28 (Doe 2: "Agree with all negative comments. . . .").  In other words, when a viewer read a particular John Doe's accusation of "scam artist" or "fraud" it was not in a vacuum, but next to the other Does' accusations of "complete fraudulent scam artist" behavior which included using "fake," "diluted," or "watered down" Botox.  Each of the statements could and did subject Plaintiffs to contempt and ridicule, while causing patients to avoid seeing Plaintiffs—thereby injuring their business and Dr. Mirza's professional career. *See Yelp Inc. v. Superior Court*, 17 Cal.App.5th 1 (2017) (Finding statements implying that work done by the plaintiff, a licensed professional, did not comply with professional standards were defamatory, and ordering Yelp to disclose the identity of the reviewer). Accordingly, Yelp should be compelled to provide Plaintiffs with the requested information forthwith.

II. **Plaintiffs Will Continue to Be Harmed Absent Disclosure Of The Defamatory Speakers' Identities**

As a threshold matter, contrary to Yelp's argument, defamatory speech is not constitutionally-protected speech. *See OBI Pharma, Inc. v. Does 1-20*, Case No. 16-CV-2218 H (BGS) (S.D. Cal. April 27, 2017).  Further, Yelp's business goals and concerns are of no moment—only the speakers' privacy rights are at issue.  While Yelp may have limited standing to assert such privacy rights on their behalf, the fact that Yelp may want to develop a platform that encourages "helpful" reviews is not and should not be of concern to the Court in reviewing whether the remaining Does herein made false and defamatory statements of fact about Plaintiffs such that their contact information should be disclosed.

Further, as set forth above, Yelp was given and had access to a copy of the operative complaint wherein Plaintiffs alleged and confirmed the harm begat by the Doe Defendants' campaign of false statements.  Yelp's argument that additional proof of same is not only unwarranted, but not required by the *Highfields* test. Even if it were, Dr. Mirza's supplemental affidavit should have and did cure any concerns Yelp might have had in contesting the allegations of injury set forth in the Complaint.  Finally, given the *per se* defamatory nature of the statements

at issue, Plaintiffs were not required to plead special damages or malice—but did so anyway.

Next, as stated in Plaintiffs' opening brief, the Does may not in fact, be "anonymous" in the strictest sense and considering their privacy in the context of the First Amendment should, at best, be limited in nature.  Yelp's argument otherwise lacks basis in fact, and just because Yelp permits users to use pseudonyms does not mean that they did. For instance, Yelp disclosed that Doe 1 a.k.a. "Lori M." provided name was "Lori Mehrkens" (see Mercer Decl. at Exhibit E), and that was that person's real name (see Mercer Decl. at Exhibit B).  Here, Plaintiffs' subpoena simply seeks identifiable contact information, which it alleges not to have and only Yelp has (*see* SAC at ¶8). It may be that the remaining Does did use their real names, like "Ashley" or "Katie" but Plaintiffs should not be faced with the embarrassment and uncertainty of suing every patient named Ashley or Katie they may have.  Finally, even if the Does did use pseudonyms, for the reasons set fort and discussed at length above, the defamatory nature of their statements both vitiates any First Amendment protections they may have had, while also impeding Plaintiffs' ability to seek judicial relief for same—absent disclosure from Yelp, which should be so ordered.

## CONCLUSION

Based on the foregoing, and the papers submitted by Plaintiffs in connection with the same, Plaintiff respectfully requests that this Court grant (i) their motion to enforce the subpoena on non-party Yelp, and (ii) such other relief to Plaintiffs as the Court deems proper.

DATED this 20th day of June, 2019.

Respectfully submitted,

THOITS LAW
*/s/ Michael Hsueh*

Michael Hsueh

LEWIS & LIN LLC
David D. Lin (*pro hac vice* forthcoming)
Justin Mercer (*pro hac vice* forthcoming)

Attorneys for Subpoenaing Parties
DR. MUHAMMAD MIRZA and
ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC