UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRZA, et al.,<br>   Movants,<br>  v.<br>YELP, INC.,<br>   Respondent. | Case No. 19-mc-80146-SK<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Regarding Docket Nos. 1, 6, 9 |

Movants Muhammad Mirza and Allied Medical and Diagnostic Services, LLC ("Movants") seek an order compelling Respondent Yelp, Inc. ("Respondent") to comply with a subpoena *duces tecum* issued as part of litigation currently pending in the Southern District of New York. For the reasons set forth below, the Court HEREBY GRANTS the motion to compel.

**A. Background.**

Movants brought an action against eleven "Doe" defendants on July 10, 2018, in the Southern District of New York, 18-cv-06232-LAP, alleging defamation and tortious interference based on anonymous reviews the Doe defendants posted to the popular website operated by Respondent regarding medical services provided by Movants. Movants sought expedited discovery in that action and were granted leave to serve a third party subpoena aimed at gleaning the identities of the Doe defendants. (Dkt. 3 (Mercer Dec. Ex. C).) On August 29, 2018, Movants served a subpoena *duces tecum* on Respondent seeking information related to the Doe defendants and requesting compliance in the Northern District of California. (Dkt. 3 (Mercer Dec. Ex. D).) Respondent objected to the subpoena on September 10, 2018. (Dkt. 3 (Mercer Dec. Ex. E).)

After some negotiation, Respondent produced information sufficient to identify three of the eleven defendants, but has refused to produce anything further. (Dkt. 3 (Mercer Dec. Ex. G).) Stymied, Movants brought the instant motion to compel Respondent's full compliance with the

subpoena *duces tecum*. Both parties agree that the *Highfields* test governs this dispute. They differ as to the appropriate balance to be struck between Movants' business interests and the First Amendment rights of Respondent's users.

**B.     Challenged Statements.**

The statements at issue were posted on Yelp.com by anonymous users and are reviews of dermatological services provided by Movant Mirza. Movants' First Amended Complaint, filed at Dkt. 10 in the underlying action in the Southern District of New York, details eleven reviews posted by anonymous reviewers that Movants allege are defamatory. (Dkt. 3 (Mercer Dec. Ex. A).) Each post contains a scathing review of Mirza's services, particularly as relates to Botox injections. In each review, the user includes either implied or explicit falsifiable statements of fact. For example, reviewers stated: "He is probably reusing product or diluting product!!!" (review one); "Product fake or diluted" (review two); "he is a scam artist" who "injects things he should not" (review three); "he is nothing but a money hungry scam artist who can't own up to his mistakes" (review four); "no idea what he was 'mixing' it with" (review five); "This Dr. is a scam artist" (review six); "He's a complete fraudulent scam artist" (review seven); "Can't believe this 'doctor' hasn't been shut down by the authorities" (review eight); "This doctor is a scam and I think he's got water in those needles!!" (review nine); "This person is not a doctor. He has no medical qualifications" (review ten); and "he's not a physician" (review eleven).

**C.     Legal Standards.**

Federal Rule of Civil Procedure 45 authorizes the issuance of subpoenas to nonparties requiring testimony; the production of documents, electronic information, or tangible things within the party's control; or inspection of premises. F.R.C.P. 45(a)(i(A)(iii). Through this mechanism, parties may obtain access to any nonprivileged matter relevant to any party's claim or defense, unless (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. F.R.C.P. 26.

Though Rule 26(f) requires parties to meet and confer in advance of discovery, Rule 26(d)(1) allows discovery prior to the Rule 26(f) conference pursuant to court order. Courts considering such motions for expedited discovery, like the one brought by Movants in the underlying action, apply "a flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Good cause is evident where a plaintiff has pled a *prima facie* case yet remains unable to uncover a defendant's identity absent a third party subpoena. *adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (finding plaintiff had stated prima facie case for defamation and required subpoena to identify and serve defendants).

The appropriate forum for a motion to enforce a third party subpoena is in the district where compliance is required. *See Music Group Macao Comm. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015). Courts weighing whether to protect the identities of anonymous speakers acknowledge that while "[i]t is well established that the First Amendment protects the right to anonymous speech […] the right to anonymity is not absolute." *Art of Living Found. v. Does 1-10*, 2011 WL 5444622, at *3-4 (N.D. Cal. Nov. 9, 2011). "Where anonymous speech is alleged to be unlawful, the speaker's right to remain anonymous may give way to plaintiff's need to discover the speaker's identity in order to pursue its claim." *Id.* at *4. Many courts in the Ninth Circuit have adopted a two-pronged standard governing enforcement of subpoenas seeking the identity of anonymous online users. Known as the *Highfields* test, the standard requires first that the plaintiff "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff" and second that the court "assess and compare the magnitude of the harms that would be caused to the competing interests" of the parties. *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005); *see also In re Anon. Online Speakers*, 661 F.3d 1168, 1175 (9th Cir. 2011) (citing *Highfields*). The court proceeds to the second prong only if plaintiff has adduced competent evidence of each element of a *prima facie* claim. 385 F. Supp. 2d at 975-76. If plaintiff has adduced competent evidence and the Court reaches the harm-balancing prong, it should enforce a subpoena where doing so "would cause relatively little harm to the defendant's First Amendment and privacy rights" and where the subpoena's "issuance is necessary to enable

3

plaintiff to protect against or remedy serious wrongs." *Id.* at 976.

In order to state a *prima facie* case for defamation under New York law, a plaintiff must show "1) a false and defamatory statement of and concerning the plaintiff; 2) publication by defendant of such a statement to a third party; 3) fault on the part of the defendant; and 4) injury to plaintiff." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002). Challenged statements are actionable *per se* where they "ten[d] to disparage a person in the way of his office, profession or trade." *Id.* at 367. Federal courts considering defamation cases under *Highfields* have held that ordering disclosure of identities is appropriate where defendants proffer ostensibly true factual statements that will cause harm to plaintiff's business reputation and plaintiff would be unable to vindicate his rights absent discovery. *Obi Pharma, Inc. v. Does 1-20*, 2017 WL 1520085, at *4-5 (S.D. Cal. Apr. 27, 2017). California courts have likewise found disclosure of the identities of anonymous online speakers appropriate where plaintiffs have alleged clearly defamatory statements. *See, e.g.*, *Yelp, Inc. v. Superior Court*, 17 Cal. App. 5th 1, 16 (2017) (noting that "where an expression of opinion implies a false assertion of fact, the opinion can constitute actionable defamation" and observing that "[t]he issue of whether challenged statements convey the requisite factual imputation is a question of law for the court"); *see also ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 625, 633 (2017) (holding that statements containing provably false statements of fact were actionable as defamation and a *prima facie* showing to that effect would justify disclosure of anonymous identities).

**D.     Analysis.**

This Court has jurisdiction over the instant dispute and finds that this is the appropriate forum for resolution because Movants' subpoena requires compliance in the Northern District of California. The Court agrees with the parties that the *Highfields* test applies and reaches the conclusions that follow.

Movants have demonstrated a real evidentiary basis to support their *prima facie* case for defamation as to all eleven reviews. In their posts, the Doe defendants made statements of fact, both implied and explicit, concerning Movant Mirza's services. The challenged statements are relevant to Mirza's qualifications as a medical doctor and his practices in giving Botox injections.

As such, they directly disparage Mirza's practice of his profession and are actionable as defamatory *per se* under New York law. *Wager*, 120 F. Supp. 2d at 367. As was the case in *Obi*, the statements are delivered as ostensibly true; though users' factual statements are proffered alongside expressions of opinion, the negativity of the reviews is predicated on the alleged truthfulness of the facts implied or expressed. 2017 WL 1520085 at *4-5. Thus, a reasonable reader might assume that the users believe their statements, for example about Mirza's lack of qualifications or use of water in his needles, to be true. The reviews are published on the internet and they clearly possess the ability to harm to Movants' business. Movants have also demonstrated the falsifiability of the challenged statements. Mirza's affidavit states that he is in fact a licensed medical doctor, that he is not engaged in fraudulent behavior, and that he does not use improper fillers in his Botox injections. ((Dkt. 3 (Mercer Dec. Ex. F).) Movants have therefore satisfied the first prong of the *Highfields* test because they have adduced competent evidence of each element of their *prima facie* claim for defamation. 385 F. Supp. 2d at 975-76. Presumably, the District Court for the Southern District of New York believed that Movants had satisfied their *prima facie* burden as well, or it would not have issued its order permitting Movants to serve the third party subpoena for good cause in the first place.

Assessing the balance of the parties' interests under the second prong of the *Highfields* test, the Court finds that compelling disclosure of the Doe defendants' identities is warranted. Though anonymous speech is protected by the First Amendment, that protection does not extend to illegal speech. Here, the Doe defendants have made allegedly defamatory statements in a public forum. Those statements directly affect Movants' livelihood, and Movants will be unable to pursue their claim absent disclosure of the Doe defendants' identities. As discussed above, multiple courts have concluded that disclosure of the identities of anonymous speakers is warranted where the anonymous speakers have made falsifiable factual statements and the plaintiff would be unable to vindicate his rights absent discovery. This Court agrees.

**E.     Conclusion.**

For the reasons stated above, the Court GRANTS Movants' request and COMPELS Respondent's full compliance with the subpoena *duces tecum*. Respondent shall comply as soon

5

as possible, and in any event no later than August 15, 2019. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: July 23, 2019



SALLIE KIM
United States Magistrate Judge

6