UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRZA, et al., <br><br> Movants, <br><br> v. <br><br> YELP, INC., <br><br> Respondent. | Case No. 19-mc-80146-SK <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL** <br><br> Regarding Docket Nos. 13 |

On July 23, 2019, this Court issued an order granting Movants' motion to compel Respondent's compliance with a third party subpoena issued in the underlying action for defamation and tortious interference currently pending in the Southern District of New York. (Dkt. 12.) Respondent now moves the Court for leave to file a motion for reconsideration of that order or, in the alternative, moves the Court to certify an interlocutory appeal. (Dkt. 13.) For the reasons set forth below, the Court HEREBY DENIES both motions.

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. N.D. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c). Respondent argues that the Court has failed to consider material facts and dispositive legal arguments in reaching its conclusion on the motion to compel. Respondent then proceeds to rehash the same facts and arguments it presented in its initial opposition to the motion to compel. (Dkt. 6.) The Court has already weighed these arguments and found them unconvincing. The motion for leave to file a motion for reconsideration is therefore DENIED.

As Respondent notes, the ordinary process for a third party to obtain review of a district court's decision compelling production of documents in underlying litigation is "by electing to ignore the order and appealing any ensuing contempt citation." *Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010).  Yet Respondent requests that the Court bypass this normal mechanism and certify its order for interlocutory appeal.  A district court may certify an order for interlocutory appeal under 28 U.S.C. 1292(b) when three things are true: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  There is no controlling question of law here or substantial ground for difference of opinion here.  Contrary to Respondent's assertions, the Court's order did find that Movants had adduced facts in support of actual and potential injury based on the anonymous statements, as well as facts in support of Movants' inability to obtain the Doe defendants' identities through alternative means.  Respondents misconstrue the Court's holding in attempt to fabricate a controlling question of law because they do not like the conclusion the Court reached.  The Court will not certify an interlocutory appeal on that basis.  Respondents' motion to certify the order for interlocutory appeal is therefore also DENIED.

The Court hereby REAFFIRMS its July 23, 2019 order granting Movants' motion to compel.  All briefing deadlines associated with Respondent's motion and the hearing currently set for September 9, 2019, are HEREBY VACATED.

**IT IS SO ORDERED**.

Dated: August 6, 2019



_____
SALLIE KIM
United States Magistrate Judge